**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**EARLEAN M. FISHER**                                                                                                                  **PLAINTIFF**

**V.**                                                                                                                                  **NO. 3:09CV122-MPM-DAS**

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY**                                                                                     **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the court are the defendant's Motion to Dismiss (# 5) and supporting Memorandum (# 6) and the Plaintiff's Response (# 7). The defendant seeks dismissal of the complaint on the ground that the plaintiff failed to timely file her complaint for judicial review of an unfavorable final decision of the Commissioner of Social Security. The matter has been submitted to the undersigned United States Magistrate Judge for issuance of a report and recommendation. And, having duly considered the submissions of the parties, the record and the applicable law, the court finds as follows:

On February 21, 2007, the plaintiff received a partially favorable decision of an administrative law judge ("ALJ") regarding her applications for disability benefits. The plaintiff requested Appeals Council Review of the ALJ's decision, and on August 28, 2009, the Appeals Council mailed notice of its decision denying review and of the plaintiff's right to commence a civil action within 60 days of receipt of said notice.[1] Allowing five days for presumptive receipt of the Appeals Council's notice, thus tolling 65 days from the August 28, 2009 notice date, the plaintiff was required to commence her civil action on or before November 1, 2009.[2] However,

---

[1]The Appeals Council's decision denying review rendered the ALJ's decision the "final decision" of the Commissioner from which the claimant could request judicial review within 60 days from receipt of the Appeals Council's notice. *See* 42 U.S.C. § 405(g).

[2]The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. *See* 20 C.F.R. §§ 404.901, 416.1401, and 422.210(c).

the plaintiff did not commence this action until November 6, 2009.

The plaintiff does not dispute that the complaint was untimely filed, but instead essentially contends that justice requires that the applicable statute of limitation be equitably tolled. Specifically, the plaintiff asserts that though she timely requested review by the Appeals Council following the ALJ's partially favorable decision, the Appeals Council did not render a decision until some two years later on August 29, 2009. According to the plaintiff, this "extended delay" by the Commissioner "made it difficult for the Counsel of Record to locate the claimant within the sixty (60) day time period."

The Fifth Circuit has held that the 60-day period set forth in § 405(g) is a statute of limitation rather than a jurisdictional requirement. *See Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991) (citing *Mathews v. Eldridge,* 424 U.S. 319, 328 n. 9 (1976)); *see also Fletcher v. Apfel,* 210 F.3d 510, 513 (5th Cir. 2000); *Triplett v. Heckler,* 767 F.2d 210, 211 & n. 1 (5th Cir. 1985), *cert. denied,* 474 U.S. 1104, 106 (1986). The limitation embodied in § 405(g) serves as a mechanism "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York,* 476 U.S. 467, 481 (1986). If a claimant fails timely to file or obtain an extension, in appropriate situations, he or she may invoke the doctrine of equitable tolling. *See Flores,* 945 F.2d at 113 (citing *Bowen,* 476 U.S. at 480). Equitable tolling may be available where the "plaintiff was prejudiced by the lack of (or untimely) notice to his attorney" or "if the Secretary violated his own regulations by failing to timely send notice to the attorney, at least if sufficient resultant prejudice were shown." *Id.* at n. 5. In addition, "there are rare cases in which courts may toll it when the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Barrs v. Sullivan,* 906 F.2d 120, 122 (5th Cir.1990) (citations omitted).

In this case, the plaintiff failed to timely file her complaint for judicial review, and there

has been no showing that she requested an extension of time from the Appeals Council. Thus, inquiry must focus on whether there are equitable reasons to toll the limitation period. The plaintiff does not argue that she did not timely receive notice of the Appeals Council's decision, but rather complains that its delay in rendering a decision made it "difficult" for counsel "to locate the claimant within the sixty (60) day time period." Such an argument does not support equitable tolling. The court finds that sixty days is more than enough time to find one's client even had they been out of touch for the extended period of time described. A complaint heard often concerning social security matters is the ponderous pace at which individual cases proceed. To allow extensions even beyond the liberal time limits allowed should be done in only rare instances, and the present case does not provide such an situation. Therefore, it is my recommendation that the defendant's motion to dismiss be granted.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**RESPECTFULLY SUBMITTED** this, the 6th day of April, 2010.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**